SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

TAMARA WEBER (ILSBN 6270925)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6838
    Facsimile:  (415) 436-7234
    tamara.weber@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VALERIAN DOBRE, ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 07-0560 JSW <br><br> [PROPOSED] ORDER FOR <br> DETENTION PENDING TRIAL <br><br> SAN FRANCISCO VENUE |

    On July 31, 2007, the defendant was arraigned on a one-count criminal complaint charging him with Possession of Counterfeit Access Devices in violation of Title 18, United States Code, section 1029(a)(3). The defendant was represented at that hearing by Assistant Federal Public Defender Elizabeth Faulk. At that time, the government moved for a detention hearing on the grounds that under 18 U.S.C. § 3142(f)(2)(A) the defendant posed a serious risk of flight. A detention hearing was set for August 2, 2007 before the Court.

    On August 2, 2007, Assistant Federal Public Defender Elizabeth Faulk withdrew as counsel was replaced by defense attorney J.T. Fox. The Court set a new detention hearing for August 31, 2007.

//

DETENTION ORDER
CR 07-0560 JSW

1     On August 31, 2007, the defendant was arraigned on a thirteen count indictment charging him with Bank Fraud, Effecting Transactions with an Access Device and Aiding and Abetting, all in violation of 18 U.S.C. § 371, 18 U.S.C. § 1344, 18 U.S.C. § 1029(a)(5) and 18 U.S.C. § 2. The defendant was represented at that hearing by defense counsel J.T. Fox. Special Assistant United State's Attorney Tamara Weber appeared for the government. Both parties proceeded by proffer. Both sides were afforded an opportunity prior to the hearing to review the bail report of Pretrial Services. The government recommended detention on the grounds the defendant posed a serious risk of flight. The defendant opposed detention.

    According to the government's proffer and the Pretrial Services report the defendant is a serious flight risk because at the time of his arrest he possessed multiple counterfeit access devices and a large amount of cash. The government asserted that the defendant has no ties to the United States because he is not a citizen of the United States. The government also asserted that the defendant lied to ICE Agents upon entering the country on numerous occasions regarding his occupation. The defendant proffered that the defendant does not have a criminal history and he has a friend who lives in Los Angeles.

    Upon consideration of the facts and arguments presented, the Court finds the defendant should be detained before trial based on the following reasons:

(1) The defendant has no ties to the United States;
(2) The defendant refused to provide Pre Trial Services with his home address and he refused to give detailed financial information;
(3) There was an ICE hold and the defendant's Business Visa has expired;
(4) The defendant was arrested with multiple fraudulent access devices and a large amount of cash in his possession, and
(5) The defendant lied to ICE Agents on multiple occasions regarding his occupation upon entry into the United States.

    The Court finds by a preponderance of the evidence that the defendant presents a risk of non-appearance and that no conditions of pretrial release can be fashioned that will adequately assure the defendant's presence in court; therefore, the defendant should be detained pending trial. This Order supplements the Court's findings announced from the bench and serves as a written finding of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

//

DETENTION ORDER
CR 07-0560 JSW     2

1 | **IT IS SO ORDERED.** Pursuant to 18 U.S.C. § 3142 (I) (2), (3) and (4):

2   (1)   the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from person awaiting or serving sentences or being held in custody pending appeal;

    (2)   the defendant be afforded reasonable opportunity for private consultation with his counsel; and

    (3)   on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

DATED: Sept. 17, 2007

THE HON.
United States

Judge Joseph C. Spero

DETENTION ORDER
CR 07-0560 JSW                    3