JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHRISTINA HUA (CABN 185358)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7534
    Facsimile: (415) 436-7234
    E-mail: tina.hua@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> VALERIAN DOBRE, ) <br> ) <br>     Defendant. ) <br> ) | No. CR 07-0560-JSW <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

On May 29, 2008, the defendant VALERIAN DOBRE pled guilty to a three count superseding indictment charging him with two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(1) and (2), and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, pursuant to a plea agreement. In the plea agreement, DOBRE agreed that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") total offense level range should be between 18 to 27, depending on whether the court applies certain enhancements and reductions. DOBRE also agreed to the consecutive 24 month sentence for the Aggravated Identity Theft count.

The government now joins Probation's recommendation that the appropriate Guidelines offense level is 24, and the appropriate sentence is 75 months incarceration. The Probation

GOVERNMENT'S SENTENCING MEMORANDUM
CR 07-0560-JSW                                  1

Officer applied all the enhancements set forth in the plea agreement, deducted three levels for acceptance of responsibility, and calculated DOBRE's Guidelines offense level to be 24, resulting in a Zone D Guidelines range of 51 to 63 months in custody. The Probation Officer recommended the low end of the Guideline range of 51 months in custody, and correctly added the mandatory consecutive sentence of 24 months to recommended a sentence of 75 months in prison. After taking into account United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the sentencing factors outlined in 18 U.S.C. § 3553(a), the United States agrees with Probation's recommendation that the Court should sentence the defendant to 75 months in custody. The government also recommends that the Court order the defendant pay $227,280.00 in restitution.

I.   **STANDARD OF PROOF**

Typically, sentencing enhancements must be supported by a preponderance of the evidence standard. United States v. Munoz, 233 F.3d 1117, 1126 (9th Cir. 2000). However, if the combined impact of a contested sentencing enhancement is disproportionate relative to the offense of conviction, the district court must apply the clear and convincing evidence standard of proof. United States v. Riley, 335 F.3d 919, 925 (9th Cir. 2003). While there is no bright-line rule for determining whether the clear and convincing standard applies, the Ninth Circuit will typically look at the totality of the circumstances, weighing several factors. Id., citing United States v. Jordon, 256 F.3d 922, 926 (9th Cir. 2001). These factors include:

> (1) whether the enhanced sentence falls within the maximum sentence for the crime alleged; (2) whether the enhanced sentence negates the presumption of innocence for the crime alleged in the indictment; (3) whether the facts offered in support of the enhancement create new offenses requiring separate punishment; (4) whether the increase in sentence is based on the extent of a conspiracy; (5) whether the increase in the number of offense levels is four or less; and (6) whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range where the defendant would otherwise have received a relatively short sentence.

Id., citing Jordon, 256 F.3d at 927-29.

In the instant case, the government is seeking a twenty level increase based on the loss amount, including relevant conduct, adjustment for more than 50 victims, adjustment for use of sophisticated means, and adjustment for use of five or more unlawfully produced means of

GOVERNMENT'S SENTENCING MEMORANDUM
CR 07-0560-JSW                                    2

identification. Therefore, the government asks the Court to calculate the Guidelines using a clear and convincing evidence standard.

**II.    THE PROBATION OFFICER CORRECTLY CALCULATED THE GUIDELINES TOTAL OFFENSE LEVEL TO BE LEVEL 24 AND THE SENTENCE TO BE 75 MONTHS IN CUSTODY.**

The defendant pled guilty to the superseding information pursuant to a plea agreement. In the plea agreement, the defendant agreed that the loss amount was $227,280, and that the base offense level should be increased by twelve levels for the loss amount. U.S.S.G. § 2B1.1(b)(1)(D). The defendant also agreed to an additional two level increase for five or more unlawfully produced means of identification. U.S.S.G. § 2B1.1(b)(10)(C)(ii). However, the defendant reserved the right to argue that the four level enhancement because the offense involved more than 50 victims and the two level enhancement because the offense involved sophisticated means do not apply. Plea Agmt. ¶ 7; U.S.S.G. §2B1.1(b)(2)(B); U.S.S.G. §2B1.1(b)(9)(c).

The Probation Officer correctly found that both of these disputed enhancements apply. DOBRE does not dispute that he stole from over 50 victim accounts. He argues that because Citibank reimbursed its customers for the loss, that Citibank constitutes the only victim. As set forth in the PSR, DOBRE stole from individual victims' accounts in approximately 183 transactions from July 27, 2007 to July 28, 2007. The fact that Citibank "reimbursed" the loss does not mean that these account holders do not constitute victims. Therefore, the four level enhancement because the fraud involved more than 50 victims applies.

Furthermore, the two level increase for use of sophisticated means also applies. The defendant traveled from Spain to the United States on numerous occasions to commit the crime. On or about July 27, 2008, the defendant drove from Los Angeles to San Francisco in order to withdraw money from ATMs in San Francisco, presumably because the same group of individuals had already stolen approximately $1.3 million from Citibank account holders in Southern California in the two preceding weeks. Furthermore, the crime involved placing electronic face plates on Citibank ATMS in order to capture the account information, ATM card number, and PIN number, and then downloading such information onto electronic gift cards

which would be used to mimic ATM cards. Therefore, the two level enhancement for sophisticated means should apply. The Probation Officer correctly calculated the Guidelines offense level to be 24, the range to be 51 to 63 months in prison for the Bank Fraud convictions, and correctly applied an additional consecutive 24 month sentence for the Aggravated Identity Theft conviction, resulting in the correct Guidelines calculation of 75 months in custody.

### III.    75 MONTHS IN CUSTODY IS A REASONABLE SENTENCE, TAKING INTO ACCOUNT ALL THE 3553(a) FACTORS.

In United States v. Mix, 457 F.3d 906, 911 (9th Cir. 2006), the Ninth Circuit discussed the two-step procedure for reviewing sentences pursuant to Booker. First, the district court must correctly calculate the sentencing range prescribed by the Guidelines. Id. "In addition, a district court must apply the factors enumerated in 18 U.S.C. § 3553(a) in its sentencing decision." Id. citing United States v. Cantrell, 433 F.3d 1269, 1279-80, (9th Cir. 2006). More recently, the Supreme Court in Rita v. United States, 127 S.Ct. 2456, 2464-65, 168 L.Ed.2d 203 (2007) has found that courts of appeals may apply a presumption of reasonableness in reviewing sentences within the properly calculated Guidelines range. The Supreme Court explains:

> The result is a set of Guidelines that seek to embody the §3553(a) considerations, both in principle and in practice. Given the difficulties of doing so, the abstract and potentially conflicting nature of § 3553(a)'s general sentencing objectives, and the differences of philosophical view among those who work within the criminal justice community as to how best to apply general sentencing objectives, it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.

The government joins Probation in its recommendation of 75 months in prison. This sentence is composed of 51 months for a low-end Guideline sentence for the Bank Fraud counts, and a 24 month mandatory consecutive sentence for the Aggravated Identity Theft. A low-end sentence of 51 months for the bank fraud counts is appropriate in the instant case, because the defendant was not the "mastermind" behind the plot, administratively forfeited the proceeds, and quickly told the government that he was willing pled guilty to both the Bank Fraud counts and the Aggravated Identity Theft counts. Furthermore, even though the defendant disagreed on whether points for two of the specific offense characteristics should be applied, the defendant agreed in the Plea Agreement that a sentence of 75 months is within the range of appropriate,

GOVERNMENT'S SENTENCING MEMORANDUM
CR 07-0560-JSW                                        4

reasonable sentences.

Therefore, a combined sentence of 75 months is appropriate both under the Sentencing Guidelines and the §3553(a) factors.  The Court should use its discretion to impose this Guidelines sentence, both because Guidelines sentences reduce unwarranted sentencing disparity and because the Congressional and Sentencing Commission policies reflected in the Guidelines are sound.  See Rita v. United States, 127 S.Ct. at 2464-65 (. . . "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.").  If the Court does find that a sentence within the Guideline range is reasonable, the fact that both the sentencing court and the Commission agree on the sentence "significantly increases the likelihood that the sentence is a reasonable one," id. at 2463, because "when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable," id. at 2465.  Therefore, the government respectfully requests that the Court sentence DOBRE to a sentence of 75 months in prison.

## IV. THE COURT SHOULD ORDER THAT THE DEFENDANT PAY $227,280.00 IN RESTITUTION.

In the plea agreement, DOBRE agreed that the loss amount is $227, 280.00, and agreed to pay restitution in an amount set by the Court.  In the instant case, officers seized $201,575 from DOBRE at the time of arrest.  The United States Secret Service subsequently forfeited the $201,575 in seized funds.  The Court should not reduce or offset the amount of restitution by the $201,575 which was administratively forfeited.  The Mandatory Victims Restitution Act of 1996 ("MVRA") makes restitution mandatory for offenses against property under Title 18, which includes Bank Fraud.  See 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii).  However, the MVRA makes clear that "funds the victims have *not* received cannot reduce or offset the amount of losses the defendant is required to repay.  United States v. Bright, 353 F.3d 1114, 1123 (9th Cir. 2004).  In Bright, the Ninth Circuit reviewed whether funds administratively forfeited should be used to offset the restitution amount.  Id.  Federal agents had seized $86,194.60, and had subsequently forfeited this amount administratively.  Id. at 1117.  The Ninth Circuit upheld the district court's

GOVERNMENT'S SENTENCING MEMORANDUM
CR 07-0560-JSW                                       5

1  refusal to deduct this forfeited amount of $86,194 from the total restitution amount. Id. at 1124-
2  25. The Ninth Circuit reasoned that the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA")
3  gives the agency the "discretion" to decide whether to retain forfeited funds or transfer them to
4  the victims. Id. at 1124. Similarly here, the Secret Service chose to forfeit the funds
5  administratively, and the funds are not available as restitution. Because the forfeited funds are
6  not available for restitution, the restitution amount of $227,280.00 should not be offset by the
7  amount seized. See Id.

8  DATED: August 14, 2008                                    Respectfully submitted,

                                                             JOSEPH P. RUSSONIELLO
                                                             United States Attorney


                                                             _____/s/_____
                                                             CHRISTINA HUA
                                                             Assistant United States Attorney