JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHRISTINA HUA (CABN 185358)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7534
   Facsimile: (415) 436-7234
   E-mail: tina.hua@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0560-JSW |
|    Plaintiff, | |
|    v. | GOVERNMENT'S REPLY TO DEFENDANT'S SENTENCING MEMORANDUM |
| VALERIAN DOBRE, | |
|    Defendant. | |

As set forth in the government's sentencing memorandum, the government opposes defendant VALERIAN DOBRE's sentencing position that neither the two level enhancement for sophisticated means nor the four level enhancement for more than fifty victims applies. In the defendant's sentencing memorandum, DOBRE cites a Sixth Circuit case, United States v. Yagar, 404 F.3d 967 (6th Cir. 2005), to support his proposition that the four level enhancement for more than fifty victims should not apply. The government agrees that the Ninth Circuit has not addressed the issue, but disagrees with the reasoning in Yagar. Instead, the Court should follow the reasoning of the Eleventh Circuit in United States v. Lee, 427 F.3d 881 (11th Cir. 2005), and find that the multiple victim enhancement applies.

GOVERNMENT'S REPLY TO DEFENDANT'S SENTENCING MEMORANDUM
CR 07-0560-JSW                       1

In Lee, the Eleventh Circuit rejected the Yagar court's reasoning in finding that individuals suffering a monetary loss that was short-lived and immediately covered by a third party are not victims for sentencing purposes. Id. at 895. The Lee court found that the Sixth Circuit's view did "not comport with the Guidelines" and concluded that individuals who are able to offset their losses could still be considered victims for Guidelines purposes. Id. at 895. The Eleventh Circuit explained that the Yagar opinion did not appear to read the actual loss provisions of the Guidelines together with the Application Notes discussing credits against loss, which is required. Id. The credit against loss provisions treat people recovering collateral, money, property or services as having suffered a loss, but allow a defendant credit for that recovery. Id. The Eleventh Circuit stated:

> Yagar, of course, is not binding upon this court and only has effect upon us to the extent of its persuasiveness. . . . When considering the impact of recovered collateral, or the return of money, property, or services, to the victim, the Guidelines treat those so recovering as having suffered a loss but then allow the defendant to take credit against the total loss for the value of the recovered or returned loss. Stated another way, inherent in the credit against loss provision is an acknowledgment that there was in fact an initial loss, even though it was subsequently remedied by recovery of collateral or return of goods.

Id. at 895. The Eleventh Circuit concluded that the Guidelines allow a court to find an actual loss by a reimbursed party, and therefore treat that party as a victim.[1]  Id.

The government believes that this reasoning by the Eleventh Circuit is the sound approach. In the instant case, the bank reimbursed the victims the same day or the day after the fraud occurred. Each account was flagged as compromised, and new cards had to be issued to each account holder. While the Yagar court did acknowledge possible situations where the numerable victim enhancement should apply even though the victim is ultimately reimbursed, broadly applying the rule where reimbursed victims are not counted as victims could lead to unfair and nonsensical results. A defendant who was lucky enough to steal from 100 victims who happen to be insured could be treated the same as a defendant who stole from one uninsured

---

[1] Note that the Lee court specifically rejected the reasoning of the Yagar court, despite the fact that it could have merely distinguished the case on the facts. The monetary losses in Lee were neither short-lived nor immediately covered by third parties.

GOVERNMENT'S REPLY TO DEFENDANT'S SENTENCING MEMORANDUM
CR 07-0560-JSW                                        2

individual. Furthermore, some fraud cases could become victimless crimes. In the case where all the victims had collateral, such as property, which increased in value and covered the cost of fraud, there would be no victims to the crime. Therefore, the Court should reject the reasoning set forth by the <u>Yagar</u> court and adopt the more sensible approach by the Eleventh Circuit to find that the enhancement for more than fifty victims applies.

DATED: July 28, 2008                                                                 Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
CHRISTINA HUA
Assistant United States Attorney

GOVERNMENT'S REPLY TO DEFENDANT'S SENTENCING MEMORANDUM
CR 07-0560-JSW                                      3